NIEDFELDT, Appellant, vs. EVANS, Respondent.

*February 9—March 6, 1956.*

For the appellant there were briefs by *Rice, Rice & Rice* of Sparta, and oral argument by *James W. Rice*.

For the respondent there was a brief by *Bosshard & Arneson* and *John Bossard,* all of La Crosse, and oral argument by *John Bosshard*.

BROADFOOT, J.   Following the trial and before the entry of judgment, the plaintiff had moved for a new trial, for the following, among other reasons: Because the court erred in refusing to allow the plaintiff to prove the existence of a

new and satisfactory road leading across plaintiff's farm to the defendant's farm and giving defendant ingress and egress to and from his farm; because the court erred in refusing to give an instruction requested by plaintiff that an easement ceases when the reason for its existence ceases; and because the court erred in instructing the jury that the fact that gates were maintained at either end of the easement was entirely immaterial and should not be considered. These contentions are now advanced upon the appeal and it is here contended that these errors entitle the plaintiff to a new trial.

The plaintiff contends that an easement ceases when the necessity therefor ceases, and accordingly he is entitled to prove the existence of a public highway leading to the defendant's farm. As authority for his statement, he cites *S. S. Kresge Co. v. Garrick Realty Co.* 209 Wis. 305, 245 N. W. 118, which involved a party-wall agreement. There is a general rule that easements are terminated with the cessation of the purpose or necessity for the easement. That rule is illustrated by the following quotations:

"There is a well-established rule that an easement may be terminated by the completion of the purpose for which it was granted, inasmuch as the reason for, and necessity of, the servitude are at an end. Thus, if an easement is granted for a particular purpose only, the right continues while the dominant tenement is used for that purpose, but ceases when the specified use ceases. Moreover, a way of necessity is a temporary right in the sense that it continues only so long as the necessity exists." 17 Am. Jur., Easements, p. 1023, sec. 137.

"Cessation of Purpose of Necessity

"b. While ordinarily a right of way of necessity continues until some other lawful way has been acquired, and cannot be extinguished so long as the necessity continues to exist, nevertheless, a way of necessity ceases as soon as the necessity to use it ceases. Accordingly, a right of way of necessity ceases when the owner of the way acquires a new means of

access to his estate, as where he acquires other property of his own over which he may pass, or where a public way is laid out which affords access to his premises; and the fact that a former way of necessity continues to be the most convenient way will not prevent its extinguishment when it ceases to be absolutely necessary. However, in order to operate as an extinguishment of the way it must appear that the outlet by means of the new way is reasonably sufficient to the beneficial enjoyment of the dominant estate. A mere revocable permission to use a way over the land of another person will not extinguish the right. The rule that the right ceases with necessity has no application to ways acquired by express grant or by prescription; a right to a way so created cannot be defeated by showing that the owners have another convenient and accessible way of going to and from their premises." 28 C. J. S., Easements, p. 718, sec. 54.

There is nothing in the record to indicate that the right of way claimed by the defendant was a way of necessity, nor was there any attempt to prove it. The defendant alleged that he and his predecessors in title had acquired the right of way by prescription, and his proof was directed to that issue. Accordingly, any offer to prove that the defendant had another road to his farm would not defeat his easement and hence was immaterial. Thus, the requested instruction by the plaintiff that an easement ceases when the reason for its existence ceases, although it might be proper in some cases, had no application to the question before the court.

Finally, the plaintiff contends that it was error to instruct the jury that the fact that gates were maintained at either end of the easement was immaterial and should not be considered. The instruction was not entirely accurate. That fact was material as to the extent of the easement. The maintenance of gates at either end of a right of way is not proof of permission or that no right of way could be established by adverse user when gates are maintained. The extent of the easement is commensurate with and determined by the use. The easement acquired by the defendant and his predecessors is sub-

ject to the maintenance of gates. It has been held that the maintenance of gates along a right of way is not necessarily inconsistent with the existence of a private easement. *Schroeder v. Moeley,* 182 Wis. 484, 196 N. W. 843; *State v. Halvorson,* 187 Wis. 611, 205 N. W. 426. However, the instruction as given did not amount to prejudicial error.

The errors alleged are without substance in view of the record, and the plaintiff has failed to show that he is entitled to a new trial.

*By the Court.*—Judgment affirmed.