Loew's Theatre and Realty Corporation, etc.

*v.*

First American National Bank of Nashville, etc.

451 S.W.2d 689.

(*Nashville,* December Term, 1969.)

Opinion filed January 9, 1970.

Jordan Stokes, III, and Trabue, Minick, Sturdivant & Harbison, Nashville, for appellant.

Bass, Berry & Sims, Nashville, for appellee.

Mr. Justice McCanless delivered the opinion of the Court.

This is a suit for a declaratory judgment by which the parties seek an adjudication of their rights under an agreement that Nashville Gas Light Company, predecessor in title of the defendant, First American National Bank, and Hermitage Theatre Company, predecessor in title of the complainant, Loew's Theater and Realty Corporation, entered into in April, 1887. The facts are not disputed, the Chancellor having heard and decided the case on bill and answer, and from a decree adverse to its contentions the complainant has appealed.

The Nashville Gas Light Company owned a lot in Nashville fronting fifty-six feet nine inches on the south side of Church Street and running back two hundred fifty-six feet to an alley; the Hermitage Theatre Company owned property on Church Street west of and adjoining the Gas Light Company lot. By a contract dated March 12, 1887, the Theatre Company agreed to convey to the Gas Light Company a strip contiguous to its lot, fronting seven feet on the street, and running back from it one hundred feet. The Gas Light Company in turn agreed to convey to the Theatre Company a lot one hundred forty-six feet by fifty-six feet nine inches from the

rear of its property. On its lot which now would have a frontage of sixty-three feet nine inches on the street and would extend back one hundred feet the Gas Light Company agreed to erect a "three or four story building" and through it and on the west side, "to make an entrance on the ground floor sixteen feet nine inches in the clear communicating with the Theatre Building to be erected by the Theatre Company." The entrance to be built by the Gas Light Company was "to be handsomely finished in accord with the finish of the Theatre Building." The contract recited the considerations that each party was to pay the other for the two conveyances and that the Gas Light Company, "the first party", would "lease for ninety-nine years renewable forever the said entrance above described at the rate of Three Hundred Dollars per annum payable on the 1 day of April of each year. The second party agrees to pay said annual rent as above and the first party agrees to pay all taxes and assessments on said lot and erections thereon covered by said entrance and to keep the same sufficiently insured in case of its damage or destruction by fire or otherwise to repair or rebuild the same promptly."

By an instrument dated April 5, 1887, and acknowledged and filed for record on April 19, 1887, in which the contract of March 12, 1887, was copied in full the parties recited the making of the conveyances which they had agreed to make and the Gas Light Company leased to the Theatre Company "in perpetuity" the theatre entrance described in the former contract. The stipulations of the second contract do not differ greatly from those in the first except that, whereas the first instrument included no agreement about maintenance, the second provided that the "lessor" would "also keep all and singular the

premises in such repair order and condition as the same are in at the completion of said entrance and will not make or suffer any strip or waste of the premises'' and provided that the height of the entrance would be sixteen feet.

The buildings were constructed in accordance with the agreement of the parties and a theatre—in recent years for motion pictures—was operated in the theatre building. The properties were conveyed to and now are owned by the respective parties to this suit. On August 9, 1967, fire destroyed the theatre but did no damage to the entrance.

The complainant filed its bill by which it recited the making of the contracts and conveyances by the predecessors in title of the parties, that after the fire it considered the construction of a new theatre but learned that the City wanted to extend Capitol Boulevard or to construct a shopping mall on ground that would include its property, and after discussion with City officials it decided to offer its entire property, ''including the leasehold interest'', for sale to the City; but the finance committee had learned that the defendant ''contended that the leased property was useable only as an entrance to a theatre building and that, the theatre building having been destroyed, the leasehold terminated''; that thereupon the City had called upon the complainant to have its rights defined by a court of competent jurisdiction prior to any further steps by the City to purchase the property. The complainant prayed that the court enter a decree ''declaring the right in complainant to use the leasehold premises for any legal purpose in perpetuity and that all rights, privileges, and liabilities of complainant and defendant under and by virtue of the lease, Exhibit A here-

to, including the right of complainant to sell or assign the lease, be construed and declared fully and completely in accord with the statutes of Tennessee authorizing suits for declaratory judgment.''

The defendant filed an answer by which it admitted the material averments of the bill and prayed that the court decree ''that the complainant's property having ceased to be used for a theatre, complainant's rights in defendant's property have terminated.''

The complainant by its assignments of error insist the Chancellor erred in holding (1) that the complainant's rights were limited to use as an entrance to a theatre building and terminated upon its decision to cease using its property as a theatre and (2) that the complainant has no rights in the defendant's property which it can sell to the Metropolitan Government.

The Restatement of Property—Servitudes—sec. 450 (1944) defines an easement:

"An easement is an interest in land in the possession of another which

"(a) entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists;

"(b) entitles him to protection against third persons from interference in such use or enjoyment;

"(c) is not subject to the will of the possessor of the land;

"(d) is not a normal incident of the possession of and land possessed by the owner of the interest; and

"(e) is capable of creation by conveyance."

The instrument of April 5, 1887, granted to the Theatre Company an interest, which was an easement within the foregoing definition, in a theatre entrance appurtenant to its real estate and across the lot and through the building of the Gas Light Company.

We find from the averments of its bill that the complainant does not intend to rebuild its theatre or make further use of the entrance as a means of access to a theatre.

In *Niedfeldt v. Evans*, 272 Wis. 362, 75 N.W.2d 307, the Supreme Court of Wisconsin said:

"There is a well-established rule that an easement may be terminated by the completion of the purpose for which it was granted inasmuch as the person for, and the necessity of, the servitude are at an end. Thus, if an easement is granted for a particular purpose only, the right continues while the dominant tenement is used for that purpose, but ceases when the specified use ceases."

Our Court in *McGiffin v. City of Gatlinburg*, 195 Tenn. 396, 260 S.W.2d 152, quoted with approval from Washburn in his Treatise on Easement, Third Edition, page 654:

"If an easement for a particular purpose is granted, when that purpose no longer exists, there is an end of the easement."

We find no merit in the complainant's contention that the defendant, by accepting a year's rent in April, 1968, estopped itself from asserting that the complainant's rights had terminated. So far as the record shows, this rent was paid and accepted before the complainant made known its decision not to rebuild the theatre.

■ We conclude that the easement which the complainant and its predecessors in title have enjoyed was limited to use as a theatre entrance and now has terminated and that the defendant is entitled to the enjoyment of its property free from servitude of the easement.

We therefore overrule the complainant's assignments of error and affirm the Chancellor's decree.

DYER, CHIEF JUSTICE, HUMPHREYS and CRESON, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.