Timothy W. HUNTER, Plaintiff-Appellant,

v.

Mark D. KEYS, Max R. Baer and Marion Anderson,
Defendants-Respondents.

Court of Appeals

*No. 99–0257–FT. Submitted on briefs June 22,
1999.—Decided July 30, 1999.*

(Also reported in 600 N.W.2d 269.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Bruce P. Anderson* of *Anderson & Schneider* of Balsam Lake.

On behalf of the defendants-respondents, the cause was submitted on the brief of *W. W. Bitney* of *Bitney Law Firm, Ltd.* of Spooner.

Before Cane, C.J., Myse, P.J., and Hoover, J.

MYSE, P.J. Timothy Hunter appeals a judgment dismissing his complaint and permitting Mark Keys to improve a road over a two-rod access and egress easement granted by deed across Hunter's land to Keys' property.[1] Hunter contends that the trial court erred by concluding that the easement: (1) authorized Keys to develop a road along the easement; (2) permitted Keys to fill wetlands necessary to the road development; (3) required that Hunter remove that portion of a septic system intruding into the two-rod easement if it interfered with Keys' access way improvements; and (4) permitted burying of electric and telephone utility cables along the easement way. Because we conclude the grant of an access and egress easement necessarily implies the right to create and maintain a suitable access way, we affirm that portion of the judgment permitting the improvement of the roadway, the filling

---

[1] This is an expedited appeal under RULE 809.17, STATS.

of wetlands for the purpose of improving the road[2] and directing removal of the septic system if its existence interferes with road improvements. Because we further conclude, however, that an access and egress easement is not sufficiently broad so as to permit laying utility cables along the easement way, we reverse that portion of the trial court's judgment.

Defendants have filed a motion for costs for a frivolous appeal pursuant to RULE 809.25(3), STATS. Because Hunter's appeal was not meritless so as to warrant the imposition of frivolous costs, the motion is denied.

The trial court made the following findings of fact. Hunter holds title to a ten-acre parcel that his parents conveyed to him by deed. The deed of conveyance was subject to an easement that had been reserved in a deed recorded in volume 447 with the register of deeds. The conveyance in volume 447 is a deed from Max Baer, as attorney for Katherine Baer, to Hunter's parents, subject to an easement which stated:

> Reserving onto the grantor her heirs, assigns and invitees an easement for ingress and egress over and across the West 2 rods of the SW NE of Sec. 29–38–15. Said easement to be appurtenant to the NE NW Sec. 29–38–15.

Baer owned a forty-acre parcel and only the SW NE portion of the parcel bordered a county road. When Baer conveyed the SW NE parcel with public road access, he burdened the land with an easement for the benefit of the parcel that did not have public road access. Baer was the common grantor of the deeds to both Hunter's parents and Keys. After Baer conveyed to Hunter's parents, they conveyed to Hunter the west

---

[2] To the extent such fill complies with applicable wetlands regulations.

ten acres of the SW NE parcel burdened with the easement for the benefit of the parcel without road access.

Hunter subsequently installed an underground septic system that encroached upon the two-rod easement. Baer then sold the landlocked NE NW of Sec. 29–38–15 to Keys together with the above easement. The only access to the parcel is over Hunter's septic system and over the easement on Hunter's ten-acre parcel. Hunter learned that Keys had applied for a permit which would allow him to fill wetlands in order to construct a road. Hunter filed a complaint seeking a declaration as to the extent and scope of the easement over his property and restraining Keys from any road construction, filling of wetlands or any other work on the easement. The trial court concluded that the easement allowed Keys to construct a road not more than two rods in width, that the easement may be used by utilities to provide service to Keys' landlocked parcel, that Hunter must maintain his septic system so that it does not interfere with the construction of the road or if that is impossible then he must either move the septic system to avoid any interference or acquire an easement from his neighbor so that the road may be moved to accommodate the septic system. Hunter now appeals.

The meaning of an easement created by deed involves construction of the deed's language. The scope of the easement is reflected in the instrument creating the easement and we look to that instrument in construing the rights of the relative landowners. *See Hunter v. McDonald*, 78 Wis. 2d 338, 342–43, 254 N.W.2d 282, 285 (1977). "The use of the easement must be in accordance with and confined to the terms and purposes of the grant." *Id.* at 343, 254 N.W.2d at 285.

The meaning and scope of language created in a deed is reviewed as a matter of law without deference to the trial court's determination. *See Atkinson v. Mentzel*, 211 Wis. 2d 628, 638, 566 N.W.2d 158, 162 (Ct. App. 1997).

An easement is a permanent interest in another's land. *Id.* at 637, 566 N.W.2d at 162. An easement is a "liberty, privilege, or advantage in lands, without profit," existing distinct from the ownership of the land. *Stoesser v. Shore Drive Partnership*, 172 Wis. 2d 660, 667, 494 N.W.2d 204, 207 (1993). An unrestricted grant of an easement gives the grantee all rights that are incident or necessary to the reasonable and proper enjoyment of the easement. *See Scheeler v. Dewerd*, 256 Wis. 428, 432, 41 N.W.2d 635, 637 (1950). Thus, Keys' two-rod easement over Hunter's property for access and egress gives Keys a permanent interest in a two-rod parcel for the purpose identified in the deed—access and egress.

Hunter first contends that the trial court erred by allowing Keys to improve the roadway so as to facilitate access to his property. The owner of an easement may make changes in the easement for the purpose specified in the grant as long as the changes are reasonably related to the easement holder's right and do not unreasonably burden the servient estate.[3] *Id.* While the easement's grant does not specifically authorize the construction of a roadway, the building of the roadway

---

[3] An easement creates two distinct property interests: the dominant estate, which enjoys the privileges an easement grants; and the servient estate, which permits the dominant estate to exercise those privileges. *Millen v. Thomas*, 201 Wis. 2d 675, 678, 550 N.W.2d 134, 135 (Ct. App. 1996).

is directly related to the purpose for which the easement was created. Hunter has not advanced nor does the record disclose any evidence that the improvement of the roadway unreasonably burdens Hunter's land, the servient estate. The trial court therefore properly concluded that the grant of an easement for access and egress authorizes the easement holder to improve the roadway so as to facilitate access to his property, as long as the road improvements do not unreasonably burden the servient estate. In the absence of any evidence that Keys' improvement of this roadway unreasonably burdened Hunter's estate, the court properly authorized Keys to improve the access way to his property.

■

Hunter also argues that a portion of his septic system is within the two-rod road and that the improvement of the roadway would interfere with this system. The trial court did not direct Hunter to remove the septic system from its encroachment into the easement. Rather, it concluded that if the septic system's encroachment was incompatible with the improvement of the roadway, Hunter would have to remove the septic system. The holder of the easement possesses all rights necessary to the reasonable and proper enjoyment of the easement. *Id.* The owner of the servient estate may not intrude into the easement in such a way as to interfere with the dominant estate's easement rights. *See Wisconsin Tele. Co. v. Reynolds,* 2 Wis. 2d 649, 652, 87 N.W.2d 285, 287 (1958).

Here, it is unclear that the septic system which admittedly encroached upon the right-of-way was incompatible with Keys' improvement of the right-of-way. The court ruled that if the septic system interfered with the road improvement, Hunter would have

to remove the septic system or acquire an easement from a neighbor so that the road could be moved to accommodate the septic system. If the septic system was compatible with the road improvement, however, it did not interfere with the easement's purpose and removal was unnecessary. This holding properly applied the principle that the owner of the servient estate may use the land in such a fashion as he pleases as long as the use does not interfere with the purpose for which the easement was created. *Id.*

Hunter also contends that the easement did not authorize Keys to fill in wetlands, which was necessary to complete the road improvements. Hunter has not demonstrated that the filling in of wetlands has unreasonably burdened his land or that it has adversely affected his enjoyment of his land. In the absence of evidence that the construction of this roadway and the necessary filling of wetlands for the improvement of the roadway is unreasonably burdensome to the servient estate, Hunter's objection is without merit. The wetlands are within the prescribed easement which is created for the purpose of access and egress. The filling in of the wetlands is consistent with the improvement of the roadway, which is within the scope of the easement granted to Keys, to the extent Keys complies with any applicable wetlands regulations.

██

Finally, Hunter objects to the court's authorizing the installation of underground cable for telephone and electricity across the easement. Hunter argues that utility installation is unrelated to access and egress, which is the sole purpose for which the easement was created. We agree. Keys' sole argument to the trial court is that the utility installation is necessary for his enjoyment of his land. While that may be, it is not

within the scope of the easement Keys possesses. If he wishes to expand the scope of the easement he must do so directly with Hunter. The terms of the easement are specific and limited. The easement grants access and egress. The fact that the easement was not sufficiently broad to allow Keys to do what he wishes with the property does not redefine the easement's scope. The easement's language and scope are specified within the deed. *Hunter*, 78 Wis. 2d at 342–43, 254 N.W.2d at 285. Unlike the easement reserved in *Atkinson*, 211 Wis. 2d at 641, 566 N.W.2d at 163, which provided an access easement for "all uses of said property," thus encompassing utility services, here, all that was reserved to Keys was an easement for the purpose of access and egress. Therefore, the trial court erred when it concluded that the installation of underground utilities was necessarily implied in an easement limited to access and egress. Accordingly, we conclude that the trial court erred by authorizing the installation of underground utilities across the easement right-of-way.

Finally, Keys' petition for assessment of costs and attorney fees pursuant to § 809.25(3), STATS., is also before this court. Keys contends that Hunter knew or should have known that the appeal was without any reasonable basis in law or equity and could not be supported by good faith argument for an extension or reversal of existing law. Section 809.25(3)(c)2, STATS. Other than citing to the statute, Keys fails to develop his motion. We decline to address issues raised on appeal that are inadequately briefed. *State v. Flynn*, 190 Wis. 2d 31, 58, 527 N.W.2d 343, 346 (Ct. App. 1994). Furthermore, we cannot conclude from the record before us that this appeal was pursued in bad faith or is so lacking in merit as to be frivolous. Indeed,

Hunter prevails on his contention that utility installation is not within the easement's scope. Therefore, we deny Keys' request for costs and fees.

In conclusion, the grant of an access and egress easement necessarily implies the right to create and maintain a suitable access way. Therefore, we affirm that portion of the judgment permitting the improvement of the roadway, the filling of wetlands for the purpose of improving the road and directing removal of the septic system if its existence interferes with road improvements. Because, however, the access and egress easement is not sufficiently broad so as to permit laying utility cables along the easement way, we reverse that portion of the trial court's judgment.

Defendants have filed a motion for costs for a frivolous appeal pursuant to § 809.25(3), STATS. We deny the motion because we conclude that Hunter's appeal was not meritless so as to warrant the imposition of frivolous costs.

*By the Court.*—Judgment affirmed in part and reversed in part. No costs awarded on appeal.