WISCONSIN PUBLIC SERVICE CORPORATION,
Plaintiff-Respondent-Cross-Appellant,

v.

Patricia K. ANDREWS,
Defendant-Appellant-Cross-Respondent.†

Court of Appeals

*No. 2007AP2673. Submitted on briefs November 4, 2008.
—Decided February 24, 2009.*

2009 WI App 30

(Also reported in 766 N.W.2d 232.)

† Petition to review denied, with $50 costs. Roggensack, J., dissents.

734

On behalf of the defendant-appellant-cross-respondent, the cause was submitted on the briefs of

*Forrest O. Maki* and *Karry A. Johnson* of *Maki, Ledin, Bick & Olson, S.C.* of Superior.

On behalf of the plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *Trevor J. Will* and *Leon W. Todd III* of *Foley & Lardner LLP* of Milwaukee.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Patricia Andrews appeals a summary judgment dismissing her counterclaims against Wisconsin Public Service Corporation (WPSC) in a declaratory judgment action. Andrews contends genuine issues of material fact exist on her counterclaims. WPSC cross-appeals a portion of the same judgment dismissing its claim for a declaratory judgment. WPSC argues the circuit court erroneously concluded that WPSC did not have the right to replace an existing transmission line with a new transmission line under existing easements.

¶ 2. We affirm the portion of the summary judgment dismissing Andrews' counterclaims. However, we reverse the portion of the judgment dismissing WPSC's claim for a declaratory judgment. On remand, we direct the circuit court to enter a declaratory judgment in WPSC's favor.

## BACKGROUND

¶ 3. In October 2001, WPSC obtained authority from the Wisconsin Public Service Commission to construct a high voltage, 345kV, transmission line from Arrowhead, Minnesota to Weston, Wisconsin. The Arrowhead-Weston transmission line's approved path traverses Andrews' property, where there is currently a 161kV transmission line.

¶ 4. The existing 161kV line sits on 105–foot-wide easements granted by Andrews' predecessors in title. The easements were granted in two 1972 deeds and are now owned by WPSC. Under the 1972 deeds, WPSC has the "perpetual right, privilege and easement to construct, maintain and operate an electric transmission line, or lines which may be constructed or reconstructed at any time hereafter with the necessary poles, cross-arms, guys, braces, wires and appurtenances."

¶ 5. In 2002, WPSC was preparing to construct the new transmission line and requested permission from Andrews to enter her property for surveying. Andrews refused to give permission and, through her attorney, disputed whether the current easements permitted construction of the new transmission line.

¶ 6. In April 2006, WPSC commenced this action seeking a declaratory judgment establishing its right to construct the new transmission line under the 1972 easements. WPSC moved for summary judgment, which the court denied. The court concluded WPSC's easement rights were limited by the easements' initial use for the 161kV transmission line. Therefore, the court concluded WPSC was required to obtain new easements complying with post-1972 statutory requirements applicable to high-voltage transmission line easements, specifically Wis. Stat. § 182.017(7)(a).[1]

¶ 7. Andrews filed a litany of counterclaims, on which WPSC also moved for summary judgment. Generally, Andrews' counterclaims alleged WPSC acted tortiously by bringing the declaratory judgment action. She also alleged trespass and statutory and administra-

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

tive code violations. The circuit court granted WPSC's motion for summary judgment, dismissing Andrews' counterclaims.

## DISCUSSION

¶ 8. We review summary judgments de novo, applying the same methodology as the circuit court. *Park Bancorporation, Inc. v. Sletteland*, 182 Wis. 2d 131, 140, 513 N.W.2d 609 (Ct. App. 1994). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08.

## I. WPSC'S CROSS-APPEAL

¶ 9. We first address the court's dismissal of WPSC's claim for a declaratory judgment, which is the subject of WPSC's cross-appeal. WPSC contends the court erred when determining WPSC could not build the new transmission line under the 1972 easements, but was instead required to obtain new easements that complied with Wis. Stat. § 182.017(7)(a).

### a. WPSC'S Easement Rights

¶ 10. A deed granting an easement defines the relative rights of the landowners. *Eckendorf v. Austin*, 2000 WI App 219, ¶ 7, 239 Wis. 2d 69, 619 N.W.2d 129. If a deed's language is unambiguous, its meaning is a question of law that we review independently. *See Edlin v. Soderstrom*, 83 Wis. 2d 58, 69, 264 N.W.2d 275 (1978).

Whether a deed's language is ambiguous is also a question of law. *Eckendorf*, 239 Wis. 2d 69, ¶ 7.

¶ 11. The deeds granting the easements conveyed a "perpetual right, privilege and easement to construct, maintain and operate an electric transmission line, or lines which may be constructed or reconstructed at any time hereafter with the necessary poles, cross-arms, guys, braces, wires and appurtenances." The width and location of the easements were also specified.

¶ 12. While the easement rights granted by the deeds are broad, they are not ambiguous. Because they are not ambiguous, there is no need to look beyond the deeds' language. *See id.* The deeds' language permits WPSC to construct or reconstruct transmission lines at any time. Because the Arrowhead-Weston line is a transmission line, its construction is plainly permitted under the deeds.

¶ 13. Absent ambiguity in the deeds, it was inappropriate for the court to look outside the deeds, including at how the easements are currently being used. *See id.* The court relied primarily on *Lehner v. Kozlowski*, 245 Wis. 262, 13 N.W.2d 910 (1944), from which it quoted the following:

> The rule is well settled that where a grant of an easement is general as to the extent of the burden to be imposed on the servient tenement, an exercise of the right, with the acquiescence and consent of both parties, in a particular course or manner, fixes the right and limits it to the particular course or manner in which it has been enjoyed.

*Id.* at 266 (quoting *Winslow v. Vallejo*, 84 P. 191, 192 (Cal. 1906)).

¶ 14. In *Lehner*, our supreme court addressed a written agreement creating an easement for a drainage

ditch, but not specifying the easement's location. *Id.* at 263, 266–67. The court interpreted the written agreement as granting "the right to choose the location and type of ditch to be installed but that such election was binding on him." *Id.* at 266–67. Therefore, the *Lehner* court concluded the easement holder was not permitted to replace an existing ditch with a different type of ditch in another location. *Id.* at 264, 267. However, the *Lehner* court did not hold that an easement holder's bargained-for rights evaporate to the extent not initially used. Rather, the court's decision turned on its interpretation of the agreement. *See id.* at 266–67. Here, the deeds creating the easements do not contemplate the one-time construction of transmission lines. Also unlike in *Lehner*, the easements' locations and dimensions here are fixed by the deeds.

¶ 15. In addition to relying on *Lehner*, the circuit court's decision quoted *Shellow v. Hagen*, 9 Wis. 2d 506, 513, 101 N.W.2d 694 (1960) ("The degree of definiteness of an easement is determined by the nature and extent of the right asserted"), and *Niedfeldt v. Evans*, 272 Wis. 362, 365, 75 N.W.2d 307 (1956) ("The extent of the easement is commensurate with and determined by the use."). These cases address prescriptive easements, which are inherently different from express easements in that prescriptive easements are necessarily defined by prior use. *See Shellow*, 9 Wis. at 508–10; *Niedfeldt*, 272 Wis. at 365. These cases have no application here.

## b. Applicability of Wis. Stat. § 182.017(7)(a)

■

¶ 16. Having determined that WPSC was permitted to construct the new power lines under the 1972 easements, we next address the applicability of Wis.

743

STAT. § 182.017(7)(a). Section 182.017(7) applies to right-of-way easements for high-voltage transmission lines, with § 182.017(7)(a) requiring:

> The conveyance under ch. 706 and, if applicable, the petition under s. 32.06(7), shall describe the interest transferred by specifying, in addition to the length and width of the right-of-way, the number, type and maximum height of all structures to be erected thereon, the minimum height of the transmission lines above the landscape, and the number and maximum voltage of the lines to be constructed and operated thereon.

These requirements became effective on September 30, 1975. 1975 Wis. Laws, ch. 68, § 8. No one argues the statute applies retroactively to the 1972 conveyances.

¶ 17. The statute governs what must be specified in a conveyance of an easement. Because the easements here were conveyed prior to the enactment of the statute, the conveyances were not subject to the statute's requirements. The circuit court's conclusion that WPSC was required to obtain new easements complying with WIS. STAT. § 182.017(7)(a) was premised on its erroneous conclusion that WPSC's easement rights were limited by the easements' current use.

## II. ANDREWS' APPEAL

¶ 18. We next address Andrews' appeal contesting the summary judgment dismissing her counterclaims. These counterclaims included: abuse of process; malicious prosecution; trespass; waiver and estoppel; violations of WIS. STAT. ch. 196; violations of WIS. ADMIN. CODE § PSC 113.0508 (Apr. 2007); and entitlement to attorney fees and punitive damages.

744

a. **Abuse of Process**

¶ 19. Andrews claims WPSC's institution of the declaratory judgment action against her constituted an abuse of process. Abuse of process is a tort that occurs when someone "uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed . . . ." *Schmit v. Klumpyan*, 2003 WI App 107, ¶ 6, 264 Wis. 2d 414, 663 N.W.2d 331. Two elements must be proven to establish an abuse of process. *Id.*, ¶ 7. First, there must be a "wilful act in the use of process not proper in the regular conduct of the proceedings." *Brownsell v. Klawitter*, 102 Wis. 2d 108, 115, 306 N.W.2d 41 (1981). Second, there must be a subsequent misuse of the process. *Thompson v. Beecham*, 72 Wis. 2d 356, 362, 241 N.W.2d 163 (1976). This requires proof that the process was used to obtain some collateral advantage, which is critical because the tort of abuse of process is characterized as "an attempt to use process as a means of extortion." *Schmit*, 264 Wis. 2d 414, ¶¶ 8–9. "Because of its potential chilling effect on the right of access to the courts, the tort of abuse of process is disfavored and must be narrowly construed to insure the individual a fair opportunity to present his or her claim." *Id.*, ¶ 13 (citation omitted).

¶ 20. Andrews contends a jury could infer WPSC used the declaratory judgment action to end Andrews' resistance to the new power line, exhaust her financial resources, and deter other easement owners from seeking compensation through condemnation. Andrews attempts to support her claim with the following deposition testimony: that Andrews was the only landowner to challenge WPSC's rights under an existing easement; a WPSC employee did not know why Andrews was sued;

an employee of a WPSC subcontractor did not know why Andrews was sued; and that time and money were considerations in suing Andrews. Andrews also contends WPSC's actions were contrary to prior information it provided to landowners stating they would be compensated for easements for the new transmission line.

¶ 21. We conclude Andrews' abuse of process claim cannot survive summary judgment. A legitimate dispute existed about WPSC's rights under the 1972 easement, and a declaratory judgment action was a proper means of resolving that dispute. Andrews points to no improper actions by WPSC in prosecuting the declaratory judgment action. *See Brownsell*, 102 Wis. 2d at 115. Further, none of the evidence Andrews relies on would permit a jury to find that WPSC had an improper, ulterior motive for instituting the action. *See Schmit*, 264 Wis. 2d 414, ¶¶ 8–9. There is simply no evidence WPSC used the declaratory judgment action as a "means of extortion" against Andrews. *See id.*, ¶ 9.

## b. Malicious Prosecution

■

¶ 22. Andrews claims WPSC's declaratory judgment action constituted malicious prosecution. Wisconsin courts have taken a restrictive position on the tort of malicious prosecution, requiring a party bringing such a claim to meet a "stringent burden." *Krieg v. Dayton-Hudson Corp.*, 104 Wis. 2d 455, 460, 311 N.W.2d 641 (1981). The tort is designed to afford redress for invasions of the right "to be free of unjustifiable litigation." *Maniaci v. Marquette Univ.*, 50 Wis. 2d 287, 297, 184 N.W.2d 168 (1971).

¶ 23. Establishing malicious prosecution requires proof of six elements: (1) there must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution; (2) such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution; (3) the former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution; (4) there must have been malice in instituting the former proceedings; (5) there must have been want of probable cause for the institution of the former proceedings; and (6) there must have been injury or damage resulting to the plaintiff from the former proceedings. *Krieg*, 104 Wis. 2d at 460–61 (citations omitted).

¶ 24. The parties focus their arguments on whether there was malice and a lack of probable cause for the declaratory judgment action. However, given our decision on WPSC's cross-appeal, there is no genuine issue of material fact on the third element of malicious prosecution, which here requires Andrews to prevail in the declaratory judgment action. Our decision renders WPSC, not Andrews, the prevailing party in that action. Therefore, Andrews cannot prevail on her malicious prosecution claim.

## c. Trespass

¶ 25. Andrews claims WPSC trespassed on her property. Neither Andrews nor her husband witnessed anyone trespass on their property. Andrews instead relies on 2004 survey maps showing where the new

transmission line would be built and argues the existence of these maps creates an inference that someone entered her property. WPSC submitted an affidavit stating the maps were created remotely using an elaborate process involving aerial photography and computer software.

¶ 26. The summary judgment record reveals no genuine issue of material fact on Andrews' trespass claim. Given WPSC's evidence that the survey maps were created without entering Andrews' property, the survey maps cannot support an inference that WPSC entered Andrews' property. By not presenting contradictory evidence, Andrews left undisputed WPSC's averments about how the maps were created.

¶ 27. Additionally, under the easements' language, WPSC had the right to maintain, construct, and reconstruct transmission lines on the easement. Surveying the property for the construction of a new transmission line would fit within WPSC's broad rights under the easement and would not constitute trespass.

### d. Waiver and Estoppel

¶ 28. Andrews claims WPSC "has abused its statutory condemnation privilege through its actions or inactions, and therefore has waived or otherwise lost its right to condemn her property based upon that abuse of privilege." She similarly claims WPSC was estopped from condemning her property due to this declaratory judgment action.

¶ 29. Andrews raised these claims in a separate action attempting to keep WPSC from condemning her property. *See Andrews v. Wisconsin Public Serv. Corp.*, 2009 WI App 6, ¶ 4, No. 2007AP2541. These claims were rejected on summary judgment in that action, and

748

we rejected those claims on appeal. *Id.*, ¶¶ 4, 6. We will not address those claims again here.

### e. Violation of WIS. STAT. ch. 196

■■

¶ 30.　Andrews claims WPSC unjustly discriminated against her by bringing the declaratory action against her and not other landowners. She contends WPSC violated WIS. STAT. § 196.60(3):

> If a public utility gives an unreasonable preference or advantage to any person or subjects any person to any unreasonable prejudice or disadvantage, the public utility shall be deemed guilty of unjust discrimination. A public utility violating this subsection shall forfeit not less than $50 nor more than $5,000 for each offense.

She contends she may bring this claim under WIS. STAT. § 196.64(1), which makes violations of WIS. STAT. ch. 196 privately actionable.

¶ 31.　However, there is no genuine issue of material fact on this claim because there is no evidence that any other landowners were similarly situated to Andrews. There is no evidence about other landowners' easements, nor is there any evidence that other landowners attempted to obstruct WPSC's access to those easements. WPSC and Andrews disputed WPSC's easements rights, and the declaratory judgment action was a legitimate means of ascertaining the parties' rights.

### f. Violation of WIS. ADMIN. CODE § PSC 113.0508

■■

¶ 32.　Finally, Andrews claims WPSC violated WIS. ADMIN. CODE § PSC 113.0508, which prohibits a utility

749

from engaging in any oppressive or deceptive practices. Andrews claims WPSC violated § PSC 113.0508(5), which states a utility shall not "[c]laim or attempt to claim to enforce a right, with knowledge or reason to know that the right does not exist."

¶ 33. Andrews' claims WPSC knew, or had reason to know, it had no right to construct the new transmission line under the 1972 easements. She also relies on the fact that WPS did not actually own the easements when it commenced the declaratory judgment action, even though WPSC promptly obtained assignment of the easements upon learning of this fact.

¶ 34. We conclude there is no genuine issue of material fact on this claim. Pursuant to our decision on WPSC's cross-appeal, WPSC did have the right to construct the new transmission line on the existing easements. Further, there is no evidence the easement ownership issue was anything other than an oversight that was promptly remedied.

### g. Attorney Fees and Punitive Damages

. ¶ 35. Based on the alleged conduct underlying Andrews' counterclaims, she claims she is entitled to attorney fees and punitive damages. Given our decision affirming the summary judgment dismissing her counterclaims, as well as our decision on WPSC's cross-appeal, there is no basis for Andrews' claim for attorney fees or punitive damages.

### CONCLUSION

¶ 36. We affirm the portion of the judgment dismissing Andrews' counterclaims. However, we reverse that portion of the judgment dismissing WPSC's claim

for a declaratory judgment regarding its rights under the easement. On remand, we direct the court to enter a declaratory judgment in WPSC's favor.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.