Isadore Turner, Plaintiff-Appellant,†

v.

Matthew Sanoski and Marilyn Jensen,
Defendants-Respondents.

Court of Appeals

*No. 2009AP1319. Submitted on briefs April 13, 2010.
—Decided June 22, 2010.*

2010 WI App 92

(Also reported in 787 N.W.2d 429.)

† Petition For Review Filed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Peter J. Nickitas* of *Peter J. Nickitas Law Office, LLC*, Minneapolis, Minnesota.

On behalf of the defendants-respondents, the cause was submitted on the brief of *James A. Wade* of *Johnson, Killen & Seiler, P.A.*, Duluth.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Isadore Turner appeals a judgment dismissing his malicious prosecution claim against Matthew Sanoski and Marilyn Jensen. Turner argues the circuit court erred by concluding his claim was time-barred by the two-year statute of limitations set forth in WIS. STAT. § 893.57.[1] We affirm.

## BACKGROUND

¶ 2. On March 19, 2002, Sanoski and Jensen told police officers that Turner struck Sanoski in the mouth, chipping a portion of his tooth. As a result, the State charged Turner with substantial battery. On August 21, 2002, following a jury trial, Turner was acquitted of the charge. On February 28, 2008, Turner sued Sanoski and Jensen for malicious prosecution.

¶ 3. Sanoski and Jensen moved to dismiss, arguing Turner's claim was time-barred by WIS. STAT. § 893.57. That statute prescribes a two-year limitation for "[a]n action to recover damages for libel, slander, assault, battery, invasion of privacy, false imprisonment or other intentional tort to the person . . . ." Sanoski and Jensen contended malicious prosecution is an intentional tort to the person and therefore subject to the two-year limitation. Turner countered that case law has held that malicious prosecution claims are subject to the six-year statute of limitations set forth in WIS. STAT. § 893.53.

---

[1] References to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

¶ 4. The circuit court agreed with Sanoski and Jensen that malicious prosecution claims are subject to the two-year statute. It noted the legislature added the phrase "or other intentional tort" to WIS. STAT. § 893.57 when it renumbered and revised the statute in 1979.[2] The court concluded the revised statute superseded prior case law that held malicious prosecution claims must be brought within six years. It therefore dismissed Turner's claim.

## DISCUSSION

¶ 5. The only issue in this appeal is which statute of limitations applies to a claim for malicious prosecution. The determination of the proper statute of limitations presents a question of law we review independently. *State v. Hamilton*, 2003 WI 50, ¶ 14, 261 Wis. 2d 458, 661 N.W.2d 832.

¶ 6. Turner argues that case law has long held that the statute of limitations for malicious prosecution is six years. He contends this rule was established in *Pratt v. Page*, 18 Wis. 355 (1864), and affirmed more recently in *Segall v. Hurwitz*, 114 Wis. 2d 471, 339 N.W.2d 333 (Ct. App. 1983). In *Segall*, we held that "[n]o specific statute of limitations exists for a malicious prosecution claim [and therefore the] general six-year tort statute, sec. 893.19(5), Stats. 1977 . . . controls." *Id.* at 488–89. That statute—now WIS. STAT. § 893.53—has been interpreted as a residual statute; that is, it applies unless another statute expressly prescribes a different period for bringing claims. *Hemberger v. Bitzer*, 216

---

[2] 1979 A.B. 326.

Wis. 2d 509, 516, 574 N.W.2d 656 (1998).[3] *Segall* concluded the residual statute's six-year limit applies to malicious prosecution claims because no other statute provides a different period.

¶ 7. Turner's reliance on *Segall* is misplaced for two reasons. First, it ignores the legislature's revision to WIS. STAT. § 893.57, which expanded the scope of claims subject to the two-year statute. Second, it fails to acknowledge that *Segall* applied the prior version of the statute.

¶ 8. WISCONSIN STAT. § 893.57's predecessor prescribed a two-year statute of limitations for "[a]n action to recover damages for libel, slander, assault, battery, invasion of privacy or false imprisonment." WIS. STAT. § 893.21(2) (1977). However, in 1979, the legislature renumbered and amended the statute, adding to the list of claims, "or other intentional tort to the person." WIS. STAT. § 893.57.

¶ 9. Furthermore, although we decided *Segall* in 1983, the case dealt with the 1977 version of the statute because the action there had accrued before the statute's revision. *Segall's* interpretation of the statute of limitations has no applicability to the 1979 revised statute we are dealing with here.[4]

---

[3] *Segall v. Hurwitz*, 114 Wis. 2d 471, 487, 339 N.W.2d 333 (Ct. App. 1983), described the predecessor to WIS. STAT. § 893.53 as a general statute of limitations. Despite *Segall's* characterization of the statute as "general," *Hemberger* observed *Segall* nevertheless interpreted it as residual. *Hemberger v. Bitzer*, 216 Wis. 2d 509, 516, 574 N.W.2d 656 (1998).

[4] Although Turner cites other cases he claims support his position, he cites no case that has applied the statute of limitations for malicious prosecution since the legislature's revision of WIS. STAT. § 893.57.

¶ 10.    Turner also relies on legislative history and other secondary sources. Whether WIS. STAT. § 893.57 encompasses claims for malicious prosecution is a question of statutory interpretation. When ascertaining the meaning of a statute, "[w]e assume that the legislature's intent is expressed in the statutory language." *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 NW.2d 110. Therefore, we resort to extrinsic sources of legislative intent only when the language of the statute is ambiguous. *Id.*, ¶ 43. Turner does not argue WIS. STAT. § 893.57 is ambiguous, nor do we discern any ambiguity. We therefore decline Turner's implicit invitation to look beyond the statute's language.

¶ 11.    Accordingly, our determination of whether malicious prosecution is governed by WIS. STAT. § 893.57's two-year period is guided by the statute's own language. *Id.*, ¶ 45. If malicious prosecution is an intentional tort to the person, the statute clearly applies.

¶ 12.    Turner does not dispute malicious prosecution is an intentional tort.[5] Instead, he argues that it is

---

[5] There is no question that malicious prosecution is an intentional tort. *See Elmer v. Chicago & N.W. Ry. Co.*, 257 Wis. 228, 231, 43 N.W.2d 244 (1950) (the tort of malicious prosecution requires, among other things, that a person institute, with malice and without probable cause, a judicial proceeding against another); *see also Whispering Springs Corp. v. Town of Empire*, 183 Wis. 2d 396, 405, 515 N.W.2d 469 (Ct. App. 1994) (plaintiff's "alleged intentional tort claim is indistinguishable from its alleged malicious prosecution claim"); *cf. Zastow v. Journal Commc'ns, Inc.*, 2006 WI 72, ¶ 37, 291 Wis. 2d 426, 718

not "to the person."[6] We reject this argument. A tort to the person—or personal tort—is "[a] tort involving or consisting in an injury to one's person, reputation, or feelings, as distinguished from an injury or damage to real or personal property." BLACK'S LAW DICTIONARY 1527 (8th ed. 2004). Malicious prosecution concerns a person's "right to be free of unjustifiable litigation." *Wisconsin Pub. Serv. Corp. v. Andrews*, 2009 WI App 30, ¶ 22, 316 Wis. 2d 734, 766 N.W.2d 232 (citation omitted). The injury in a malicious prosecution claim, then, is to the person.

¶ 13.   Accordingly, because malicious prosecution is an intentional tort to the person, the WIS. STAT. § 893.57 two-year statute of limitations applies. The circuit court properly dismissed Turner's claim.

*By the Court.*—Judgment affirmed.

---

N.W.2d 51 (Breach of fiduciary duty is an intentional tort, subject to the two-year statute of limitations, "because the fiduciary consciously agreed to be committed to the interests of those to whom the fiduciary assumed that special role."); *Warmka v. Hartland Cicero Mut. Ins. Co.*, 136 Wis. 2d 31, 36, 400 N.W.2d 923 (1987) (WIS. STAT. § 893.57 governs the intentional tort of bad faith).

[6] Turner's reply brief appears to be the first instance he argues WIS. STAT. § 893.57 does not apply because malicious prosecution is not a tort to the person. Rather, he argued to the circuit court and in his opening appellate brief that the statute did not apply because case law established a six-year statute of limitations. We could simply ignore Turner's argument. We have consistently held that arguments made for the first time in a reply brief "are in violation of the Rules of Appellate Procedure and will not be considered." *Northwest Wholesale Lumber, Inc. v. Anderson*, 191 Wis. 2d 278, 294 n.11, 528 N.W.2d 502 (Ct. App. 1995).