WHISPERING SPRINGS CORPORATION, a Wisconsin corporation, Plaintiff-Appellant,

v.

TOWN OF EMPIRE, Rural Mutual Insurance Company, Larry Burkholder, AB Insurance Company, Reinhold Grams, CD Insurance Company, James Daley, EF Insurance Company, Town of Taycheedah, Rural Mutual Insurance Company, James Bertram, GH Insurance Company, Lyle Thome, IJ Insurance Company, Allen Sabel, KL Insurance Company, Town of Fond du Lac, Employers Mutual Casualty Company, Donald Schmitz, MN Insurance Company, Harold Manske, OP Insurance Company, Robert J. Giese and QR Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 93–1538. Submitted on briefs October 29, 1993.—Decided March 30, 1994.*

(Also reported in 515 N.W.2d 469.)

398

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Mike P. Fortune* of *Fortune Law Office, S.C.* of Fond du Lac.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Wendy G. Gunderson* of *Mingo & Yankala, S.C.* of Milwaukee.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J. Whispering Springs Corporation appeals from an order granting summary judgment in favor of the Towns of Empire, Taycheedah and Fond du Lac and their elected board officials. Whispering Springs argues that the trial court erred by granting summary judgment in favor of the Towns on the basis that its complaint for malicious prosecution, intentional tort and abuse of process failed to state claims for which relief could be granted. We conclude that the trial court properly granted summary judgment for the Towns. Consequently, we affirm.

## FACTS

Whispering Springs planned to develop agricultural land it owned near the City of Fond du Lac into an eighteen-hole golf course surrounded by residential subdivisions. In early 1991, officers from Whispering Springs sought approval from the City of Fond du Lac to have approximately 993 acres annexed by the City, including Whispering Springs' property. Whispering Springs requested the annexation in order to obtain municipal water and sewer service for its development, which was not then available from the surrounding Towns of Empire, Taycheedah and Fond du Lac.

An annexation petition was initiated and circulated among the residents of the Towns pursuant to

§ 66.021(2) and (3), STATS., in order to obtain the necessary signatures for direct annexation into the City of Fond du Lac.[1] On March 5, 1991, signed petitions for direct annexation were filed with the Fond du Lac city clerk. Following the City of Fond du Lac's adoption of an ordinance to annex the property, sufficient signatures were obtained to hold a referendum on the annexation.[2] On May 14, 1991, voters in the Towns approved the annexation by approximately a two-to-one margin.

Five weeks later, the Towns filed suit against the City of Fond du Lac, alleging that the annexation ordinance was arbitrary and capricious because: (1) it was enacted on the basis of an invalid petition; (2) the City of Fond du Lac had no reasonable present or demonstrable future need for the annexed territory; and (3) the annexed land consisted primarily of agricultural land unsuitable for future development. The circuit court subsequently issued a declaratory judgment upholding the annexation.

---

[1] Section 66.021, STATS., provides in relevant part:

**(2)** METHODS OF ANNEXATION. . . . [T]erritory contiguous to any city or village may be annexed thereto in the following ways:

(a) *Direct annexation.* A petition for direct annexation may be filed with the city or village clerk signed by:

1. A number of qualified electors residing in such territory equal to at least the majority of votes cast for governor in the territory at the last gubernatorial election, and either a. the owners of one-half of the land in area within such territory, or b. the owners of one-half of the real property in assessed value within such territory. . . .

. . ..

**(3)** NOTICE. (a) The annexation shall be initiated by publishing in the territory proposed for annexation a class 1 notice, under ch. 985, of intention to circulate an annexation petition.

[2] *See generally* § 66.021(4), (5), STATS.

On July 23, 1991, Whispering Springs filed suit against the Towns of Empire, Taycheedah and Fond du Lac, alleging that the lawsuit brought by the Towns against the City of Fond du Lac was frivolous, arbitrary and capricious. Whispering Springs alleged that the Towns disregarded its right to locate in the municipality it desired and alleged that the Towns' lawsuit against the City had damaged Whispering Springs because its development plans were delayed.

On September 17, 1991, Whispering Springs filed an amended complaint naming the individual members of the three town boards as defendants and alleging that the board members "knew or should have known that damages to the plaintiff were substantially certain to follow" their decision to contest the annexation. Whispering Springs alleged that the individual board member defendants knew that their Towns could not provide the necessary sewer and water to Whispering Springs' development project, and, therefore, the board members acted intentionally and outside the scope of their duties.

In response to the Towns' motion for summary judgment, Whispering Springs filed a third amended complaint alleging that the actions of the individual board members were "intentional, willful, wanton and malicious" and constituted an abuse of process with the "sole ulterior motive of retaining the plaintiff's property and other property located in the annexed territory for the purpose of maintaining [the Towns'] tax base."[3] The trial court granted summary judgment in favor of the Towns, ruling that the complaint as

---

[3] Whispering Springs based these allegations on numerous depositions it had taken of members of the town boards who testified about their reasons for contesting the annexation.

amended failed to state any claim upon which relief could be granted. Whispering Springs appeals.

## STANDARD OF REVIEW

When reviewing a grant of summary judgment, we apply the same methodology as the trial court. *Hoglund v. Secura Ins.*, 176 Wis. 2d 265, 268, 500 N.W.2d 354, 355 (Ct. App. 1993). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and affidavits fail to show that there is any genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Section 802.08(2), STATS. To make a prima facie case for summary judgment, a moving defendant must show a defense which would defeat the plaintiff's claim. *Grams v. Boss*, 97 Wis. 2d 332, 338, 294 N.W.2d 473, 477 (1980).

We first examine the pleadings to determine whether a proper claim for relief has been stated. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). The complaint should be dismissed only if it is clear that under no circumstances could the plaintiff recover. *Id.* at 317, 401 N.W.2d at 821. Here, the trial court construed Whispering Springs' third amended complaint as stating claims for malicious prosecution, intentional tort, and abuse of process.[4] We will examine each of these claims in turn.

---

[4] Whispering Springs' third amended complaint identifies two causes of action: (1) "the acts of the defendant Townships in contesting the annexation were intentional, willful, wanton and malicious, and that as a proximate and direct result . . . the plaintiff's project has been delayed and as a result of said delay, plaintiff has sustained and will continue to sustain substantial

## DISCUSSION

### 1. *Malicious Prosecution*

Whispering Springs first alleges that the Towns' challenge to the annexation constituted malicious prosecution. The six essential elements of a claim for malicious prosecution are: (1) there must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution; (2) such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution; (3) the former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution; (4) there must have been malice in instituting the former proceedings; (5) there must have been want of probable cause for the institution of the former proceedings; and (6) there must have been injury or damage resulting to the plaintiff in the former proceedings. *Maniaci v. Marquette Univ.*, 50 Wis. 2d 287, 297-98, 184 N.W.2d 168, 173-74 (1971); *Strid v. Converse*, 111 Wis. 2d 418, 423, 331 N.W.2d 350, 353-54 (1983). These elements apply to the institution of civil as well as criminal proceedings, and the absence of any element is fatal to the claim. *Strid*, 111 Wis. 2d at 424, 331 N.W.2d at 354.

Whispering Springs' claim for malicious prosecution necessarily fails because there is no mutuality of

---

damages," and (2) "the acts of the defendant Townships in contesting the annexation . . . constituted an abuse of process with the sole ulterior motive of retaining the plaintiff's property and other property located in the annexed territory for the purpose of maintaining its tax base."

parties in this instance. The second element of malicious prosecution—that the plaintiff in the present action must have had judicial proceedings instituted against it by, or at the instance of, the defendant in the present action—is absent in this case. Here, the Towns of Empire, Taycheedah and Fond du Lac did not start judicial proceedings against Whispering Springs at any time prior to the filing of Whispering Springs' lawsuit; rather, the Towns brought suit against the City of Fond du Lac contesting the annexation. Accordingly, Whispering Springs' complaint fails to state a claim for malicious prosecution.

## 2. *Intentional Tort*

■

Whispering Springs next contends that its third amended complaint states a separate and distinct claim for relief based on intentional tort. We disagree. Whispering Springs' alleged intentional tort claim is indistinguishable from its alleged malicious prosecution claim. The underlying basis for both claims is that the Towns maliciously initiated the lawsuit challenging the annexation in order to harm Whispering Springs. Merely changing the label of a cause of action does not change the underlying basis of that action.

In support of its intentional tort claim, Whispering Springs argues that contesting an annexation must have its basis in the "rule of reason."[5] It asserts that the Towns' initiation of the lawsuit constituted an

---

[5] In determining the validity of an annexation, courts apply the rule of reason doctrine which considers the following factors: (1) exclusions and irregularities in boundary lines must not be the result of arbitrariness, (2) some reasonable present or demonstrable future need for the annexed property must be shown, and (3) no other factors must exist which would consti-

intentional tort because they contested the annexation for reasons not within the scope of the rule of reason. We disagree with this analysis.

We conclude that Whispering Springs cannot sustain a claim for relief in intentional tort under these circumstances because Wisconsin statutes unambiguously grant towns the power to contest annexations. Under § 60.06, STATS., a town board may bring an action to test the validity of an ordinance detaching territory from the town.[6] No tort liability can attach to the exercise of a town's legal right to protect its borders. Although an annexation ordinance is presumed to be valid, this presumption is rebuttable. *See Town of Pleasant Prairie v. City of Kenosha*, 75 Wis. 2d 322, 327, 249 N.W.2d 581, 585 (1977). It does not follow that because a town fails to meet its burden of proving an annexation ordinance invalid, the challenge was made with the intention to cause harm.

The common theme throughout Whispering Springs' argument is that the Towns' opposition to the annexation was not based upon the "right" reasons. We are unconvinced that lay members of municipal legislative bodies must articulate the specific legal reason why they are exercising the town's legal rights, and Whispering Springs cites no authority for that proposition. Municipalities must be able to protect the rights

---

tute an abuse of discretion. *Town of Pleasant Prairie v. City of Kenosha*, 75 Wis. 2d 322, 327, 249 N.W.2d 581, 584-85 (1977).

[6] Section 60.06, STATS., provides:

> **Validity of attachment or detachment.** The town board may bring an action to test the validity of an ordinance attaching or detaching all or part of the territory of the town to or from any town, village or city. Any expense incurred by the town board and its agents, attorneys and representatives shall be paid by the town.

granted to them by the legislature without fear of being sued for doing so.

### 3. Abuse of Process

[11, 12]

Whispering Springs' complaint also alleges that the Towns' lawsuit contesting the annexation ordinance was an abuse of process. The tort of abuse of process requires both an ulterior purpose and a willful act in the use of process not proper in the regular conduct of the proceeding. *Thompson v. Beecham*, 72 Wis. 2d 356, 362-63, 241 N.W.2d 163, 166 (1976). The existence of an improper purpose alone is not enough; the improper purpose must also culminate in an actual misuse of the process to obtain some ulterior advantage. *See id.* A claim for abuse of process arises from alleged misconduct under the cover of the process after its issuance. *M. Bryce & Assocs., Inc. v. Gladstone*, 88 Wis. 2d 48, 57, 276 N.W.2d 335, 339 (Ct. App. 1979).

■

Despite the numerous conclusory affidavits filed by Whispering Springs, the record is devoid of any evidence that the Towns had an ulterior purpose in contesting the annexation ordinance. Although Whispering Springs alleges that the Towns had an improper purpose in initiating the action, it does not allege, nor is there any evidence, that the Towns subsequently misused the process. Whispering Springs argues for the first time in its reply brief that "the initiation of a lawsuit in and of itself should give rise to a claim for abuse of process" in this case. We decline to entertain Whispering Springs' request to change well established case law.

Finally, Whispering Springs contends that the trial court erred when it granted summary judgment without requiring the Towns to answer its third amended complaint. Because Whispering Springs' complaint fails to state any claims for which relief can be granted, we conclude that the trial court acted properly in granting summary judgment without the Towns' answer to the third amended complaint. Summary judgment is appropriate when it is clear that the plaintiff could not recover under the claims alleged in its complaint. *See Green Spring Farms*, 136 Wis. 2d at 317, 401 N.W.2d at 821.

*By the Court.*—Order affirmed.