Town of Clayton, Plaintiff-Respondent,

v.

Cardinal Construction Company, Inc.,
Defendant-Appellant.†

Court of Appeals

*No. 2008AP1793. Submitted on briefs January 22, 2009.
—Decided March 11, 2009.*

2009 WI App 54

(Also reported in 767 N.W.2d 605.)

† Petition to review denied 6/16/09.

425

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William S. Cole* of *Reuter, Whitish & Cole, S.C.*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Richard J. Carlson* of *Silton Seifert Carlson, S.C.*

Before Anderson, P.J., Snyder and Neubauer, JJ.

¶ 1. NEUBAUER, J. Cardinal Construction Co., Inc., appeals from a summary judgment granted in favor of the Town of Clayton. The issue presented is whether a contract between the Town and Cardinal Construction for the construction of a fire station was invalid as ultra vires because the Town's former board lacked the authority to contract absent approval by the town electors. We conclude that WIS. STAT. § 60.10(2)(e) and (f) (2007–08)[1] delegate power to the town electors to authorize the town board to purchase land and

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

construct town buildings. We reject Cardinal Construction's contention that certain other statutory provisions permit the town board to override the elector's delegated authority under § 60.10(2)(e) and (f) to authorize these actions. We therefore affirm the trial court's judgment that the town board's contract with Cardinal Construction is ultra vires and is therefore void.

## BACKGROUND

¶ 2. The Town of Clayton has a fire station. The Town has a joint fire department with the Town of Winchester, and a joint fire board governs and administers the joint fire department. Each town is responsible for furnishing and maintaining its own fire station. Because of continued growth in the Town of Clayton, its town board began planning a second fire station.

¶ 3. In spring 2006, the Town's board of supervisors for the term 2005–2007 sought approval of the town electors to purchase land and to construct a new fire station. At the annual town meeting on April 11, 2006, the town electors voted 135 to 106 against authorizing the town board to purchase land and construct a second fire station.[2] Again, at a special electors meeting on November 27, 2006, the town electors voted 124 to 99 against authorizing the town board's proposal. At a town board meeting on December 4, 2006, the board was advised by its chairperson that the board did not need elector authorization to pur-

---

[2] A "town meeting" is required to be held annually. WIS. STAT. § 60.11(1). Any qualified elector of the town may vote at the town meeting. WIS. STAT. § 60.14(1).

chase up to ten acres and to construct a fire station. The board voted five to zero in favor of the purchase and construction.

¶ 4. On April 3, 2007, spring elections for the town board were held. The town chair retired and two of four town board supervisors were not reelected. On April 6, 2007, the outgoing town board entered into an agreement with Cardinal Construction for the construction of a fire station at a cost of $659,188. On April 10, 2007, at the annual meeting of the town electors, varying motions for the purchase of land for a fire station were considered and again failed to pass.

¶ 5. The term of the new town board commenced on April 11, 2007. On April 12, 2007, the new board notified Cardinal Construction that it should stop any further work on the town fire station. At a special town board meeting on April 16, 2007, the board voted unanimously to cancel the contract for the fire station. On April 17, 2007, the new chair and the town administrator advised Cardinal that the new town board had cancelled the contract because required elector authorization had not been obtained.

¶ 6. The Town then filed an action against Cardinal seeking a declaratory judgment that the contract dated April 6, 2007, for the construction of a fire station is invalid as ultra vires because the town electors expressly denied the required authorization.[3] Subsequently, the Town filed a motion for summary judgment, and the trial court granted the Town's motion. Cardinal Construction appeals.

---

[3] Cardinal Construction also filed a complaint against the Town alleging breach of contract, and that case is stayed pending a decision in this case.

## DISCUSSION

*Standard of Review*

¶ 7.   While the Town initially sought a declaratory judgment, it subsequently filed for, and was granted, summary judgment. When reviewing a grant of summary judgment, we apply the same methodology as the trial court. *Whispering Springs Corp. v. Town of Empire*, 183 Wis. 2d 396, 403, 515 N.W.2d 469 (Ct. App. 1994). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and affidavits fail to show that there is any genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*; WIS. STAT. § 802.08(2).

¶ 8.   The issue on appeal is whether the town board exceeded its statutory authority when it contracted for the construction of a fire station without elector approval, therefore rendering the contract with Cardinal Construction void as ultra vires.[4] It is well established that a municipality is free to deny the validity of a contract that was beyond the municipality's power to make. *Wisconsin Elec. Power Co. v. Outagamie County*, 2008 WI App 75, ¶ 12, 311 Wis. 2d 746, 752 N.W.2d 388 (citing *Village of MacFarland v. Town of Dunn*, 82 Wis. 2d 469, 474, 263 N.W.2d 167 (1978)).

---

[4] The record reflects that the town electors eventually approved the purchase of the land, therefore, that contract is not at issue on appeal. However, both parties frame their appellate arguments regarding WIS. STAT. § 60.10(2) in terms of the purchase of land and the construction of the fire station, presumably because the issues arose in tandem, and perhaps, are still related. We address the issues as argued by the parties.

431

Such contracts are ultra vires and void. *Wisconsin Elec.,* 311 Wis. 2d 746, ¶ 12 & n.5.

¶ 9.   A town is a creature of the legislature, having only the powers delegated to it by statute. *Haug v. Wallace Lake Sanitary Dist.,* 130 Wis. 2d 347, 351, 387 N.W.2d 133 (Ct. App. 1986). Therefore, whether the Town's contract with Cardinal Construction is ultra vires due to the town board's actions depends on the powers and duties of town boards and town meetings as set forth in Wis. Stat. ch. 60.

*Statutory Construction*

¶ 10.   Whether the town board exceeded its statutory authority in entering the contract presents a question of law. *See Fond du Lac County v. Town of Rosendale,* 149 Wis. 2d 326, 332, 440 N.W.2d 818 (Ct. App. 1989) (interpretation of a statute is a question of law). The aim of statutory construction is to determine the legislature's intent. *Id.* This intent is primarily deduced from the language which the legislature has chosen to use. *Id.* If the language of a statute is ambiguous, we may consider extrinsic sources, such as legislative history, to aid in our analysis. *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 50, 271 Wis. 2d 633, 681 N.W.2d 110. However, we may also consult extrinsic sources "to confirm or verify a plain-meaning interpretation." *Id.,* ¶ 51.

¶ 11.   The Town contends that Wis. Stat. § 60.10(2), which governs the powers of a town meeting, imposes a requirement of town meeting approval for the purchase of land and construction of buildings. *See* § 60.10(2)(e) and (f). It provides in relevant part:

432

**(2)** DIRECTIVES OR GRANTS OF AUTHORITY TO TOWN BOARD. Except as provided under par. (c), directives or grants of authority to the town board under this subsection may be general and continuing or may be limited as to purpose, effect or duration . . . . This subsection does not limit any authority otherwise conferred on the town board by law. By resolution, the town meeting may:

. . . .

(e) *Purchase of land.* Authorize the town board to purchase any land within the town for present or anticipated town purposes.

(f) *Town buildings.* Authorize the town board to purchase, lease or construct buildings for the use of the town . . . .

*Id.* Cardinal Construction notes that § 60.10(2) provides that the subsection "does not limit any authority otherwise conferred on the town board by law." Thus, while Cardinal Construction acknowledges that § 60.10(2)(e) and (f) delegate power to the electors to authorize the board to purchase land and construct a building, it contends that WIS. STAT. §§ 60.55, 60.23 and 60.22(3) otherwise confer statutory authority on the town board to "override" the delegation of this power to the electors. We reject Cardinal Construction's argument.

*1. WISCONSIN STAT. § 60.55 Does Not Confer Authority on the Town Board to Override the Elector Authority Set Forth in WISCONSIN STAT. § 60.10(2)(e) and (f).*

¶ 12.    We begin by addressing the interplay between WIS. STAT. §§ 60.10(2) and 60.55. As noted above, § 60.10(2)(e) and (f) delegate power to the electors to

433

authorize the town board to purchase land or construct buildings. Section 60.55 governs fire protection and provides in relevant part:

> **(1)** GENERAL AUTHORITY. (a) The town board shall provide for fire protection for the town. Fire protection for the town, or any portion of the town, may be provided in any manner, including:
>
> 1. Establishing a town fire department.
>
> 2. Joining with another town, village or city to establish a joint fire department. If the town board establishes a joint fire department with a village under [WIS. STAT. §] 61.65(2)(a)3., the town board shall create a joint board of fire commissioners with the village under s. 61.65(2)(b)2.
>
> 3. Contracting with any person.
>
> 4. Utilizing a fire company organized under [WIS. STAT.] ch. 213.[5]
>
> (b) The town board may provide for the equipping, staffing, housing and maintenance of fire protection services.

Cardinal Construction argues that this statute confers authority on the town board to override the required elector authorization under § 60.10(2)(e) and (f). However, we see no language in § 60.55 that supports this conclusion. While § 60.55 requires a town board to provide fire protection, nothing in § 60.55 necessitates the purchase of land or construction of a building to do so.

---

[5] WISCONSIN STAT. ch. 213 governs police and fire fighting service and provides for the organization of "town fire companies" as nonstock corporations. *See* WIS. STAT. § 213.05.

¶ 13. Cardinal Construction hangs its hat on Wis. Stat. § 60.55(1)(b) which permits the town board to provide for the "housing" of fire protection services. However, providing housing for fire protection services is permitted by § 60.55, not required, and is among several options provided to the town board for meeting its fire protection responsibilities. Indeed, § 60.55 permits the town board to provide fire protection services "in any manner," including contracting with a private company or joining with another entity to provide services. Because § 60.55 does not address the purchase of land or new construction, Wis. Stat. § 60.10(2) remains the more specific statute as to these town board actions and thus controls. *See Liles v. Employers Mut. Ins.*, 126 Wis. 2d 492, 504, 377 N.W.2d 214, (Ct. App. 1985) (rules of statutory construction require us to apply the specific statute over the general).

¶ 14. In reaching this conclusion, we reject Cardinal Construction's characterization of Wis. Stat. § 60.10(2)(e) and (f) and Wis. Stat. § 60.55 as "conflicting statutes." It is a cardinal rule that "conflicts between different statutes, by implication or otherwise, are not favored and will not be held to exist if they may otherwise be reasonably construed" in a manner that serves each statute's purpose. *Jones v. State*, 226 Wis. 2d 565, 576, 594 N.W.2d 738 (1999). Here, the purpose of § 60.55 is to require towns to provide fire protection services while the purpose of § 60.10(2)(e) and (f) is to delegate power to the town meeting to authorize certain board actions—purchasing land and constructing buildings. These statutes can be reasonably construed in a manner that permits each to accomplish its purpose.

435

■

¶ 15. Simply put, if a town board chooses to meet the requirements of Wɪs. Sᴛᴀᴛ. § 60.55 by providing housing for fire protection services and also chooses to purchase land and construct that housing—rather than, for example, contracting with another to provide fire protection—then the town board must proceed with the authorization of the town meeting under Wɪs. Sᴛᴀᴛ. § 60.10(2)(e) and (f) to purchase land and construct a building. Therefore, these statutes work together as a framework for providing fire protection services if a town chooses to do so through the purchase of land and construction of a fire station.

¶ 16. That Wɪs. Sᴛᴀᴛ. § 60.55 does not create an exception to the grant of power to the town meeting to authorize land purchases or construction by the town board is further supported by looking to other statutes under Wɪs. Sᴛᴀᴛ. ch. 60. As the Town points out, Wɪs. Sᴛᴀᴛ. § 60.50(1), which governs public works, does provide for a specific exception to the authorization requirement set forth in Wɪs. Sᴛᴀᴛ. § 60.10(2)(e). Section 60.50(1) provides: "Without limitation because of enumeration, the town board may . . . *[n]otwithstanding s. 60.10(2)(e),* acquire lands to lay, construct, alter, extend or repair any highway, street or alley in the town." (Emphasis added.) The inclusion of this specific exception to § 60.10(2)(e) for the acquisition of lands for public roads supports the conclusion that the legislature did not intend to except the town board from elector authorization for the acquisition of land or construction in order to provide fire service under § 60.55. *See Georgina G. v. Terry M.,* 184 Wis. 2d 492, 511–12, 516 N.W.2d 678 (1994) ("[w]here the legislature specifically enumerates certain exceptions to a statute, this court presumes that the legislature intended to

exclude other exceptions based on the rule *expressio unius est exclusio alterius*").

¶ 17. Finally, we note that the legislative history of WIS. STAT. §§ 60.10(2)(e), 60.55, and 60.50 serves to remove any doubt as to the legislature's intent in enacting § 60.55. *See State ex rel. Kalal,* 271 Wis. 2d 633, ¶ 51 (we may consult legislative history to confirm or verify a plain-meaning interpretation). All three statutes were created as part of a comprehensive recodification of WIS. STAT. ch. 60, relating to towns. 1983 Wis. Act 532, Prefatory Note. The note for § 60.10(2)(e), requiring authorization to purchase lands, provides:

> The provision is extensively revised to expand the town meeting's general power to authorize the purchase of land for town purposes. Under current [law], the town meeting may authorize the purchase of land by the town if the cost of providing access to such land will exceed the purchase price of the land in the near future . . . .
>
> New sub. (2)(e) gives authority to the town meeting to authorize the town board to purchase land within the town for present or anticipated town purposes . . . . *It appears that this is a change in current law; presently, the town board appears to have authority, with certain exceptions, to purchase land for the town without authorization of the town meeting.* See, also, the Note to s. 60.50(1).

1983 Wis. Act 532, Note to § 60.10(2)(e) (Emphasis added). This history also sheds light on the town meeting's power to authorize construction under § 60.10(2)(f). If subsec. (2)(e) was intended to limit the town board's authority to purchase land without authorization by the town meeting, we see no reason why subsec. (2)(f) would not reflect a similar intent to limit

437

the town board's authority to construct buildings without prior authorization by the town meeting.

¶ 18. Looking then to the note for WIS. STAT. § 60.50(1), which authorizes the town board to purchase land for roadways without town meeting authorization, it provides that § 60.50(1) "is an exception to new [WIS. STAT. §] 60.10(2)(e), which gives the town meeting the power to authorize the town board to purchase any land within the town for present or anticipated town purposes." 1983 Wis. Act 532, Note to § 60.50(1). Therefore, the legislative history confirms that § 60.10(2)(e) does in fact require town meeting authorization for the purchase of land and the town fire protection statute, WIS. STAT. § 60.55, does nothing to alter this or the requirement for elector authorization to construct.[6]

---

[6] Nor does the legislative history specific to WIS. STAT. § 60.55 support Cardinal Construction's contention that the statute was intended to grant town boards broad authority to provide for fire protection by building a fire station independent of authorization at a town meeting. We have examined this legislative history and, consistent with the language of the statute itself, find nothing to indicate that the legislature intended to except the town board from the elector authorization requirements of WIS. STAT. § 60.10(2)(e) and (f).

The statutory notes reflect the legislative intent to require the provision of fire protection by a town, which had been optional prior to the creation of WIS. STAT. § 60.55 by 1983 Wis. Act 532. The notes reflect the intention to give the town "broad authority to provide for and fund fire protection. Flexibility in providing fire protection is necessary because of the widely varying circumstances of towns . . . ." 1983 Wis. Act 532, Note to § 60.55. Significantly, the legislature repealed a previous provision which required town meeting authorization for the establishment of a town fire department or joint fire department and joint acquisition and ownership of fire equipment. *Id.* Indeed,

### 2. WISCONSIN STAT. § 60.23(1) and (28) Do Not Confer Authority on the Town Board to Override the Elector Authority Set Forth in WISCONSIN STAT. § 60.10(2)(e) and (f).

¶ 19. We turn next to Cardinal Construction's contention that WIS. STAT. § 60.23(1) and (28), which fall under "miscellaneous powers" of the town board, otherwise confer authority to the town board to act without town meeting approval. We agree with the Town that these provisions are inapposite to the issue on appeal.

### a. WISCONSIN STAT. § 60.23(1) Does Not Apply Here.

¶ 20. Pursuant to WIS. STAT. § 60.23(1), the town board may "[c]ooperate with the state, counties and other units of government under [WIS. STAT. §] 66.0301, including cooperative arrangements involving the acquisition, development, remodeling, construction, equipping, operation and maintenance of land, buildings and facilities for regional projects, whether or not located in the town." Arguing for a liberal statutory interpretation, Cardinal Construction contends that because the Town provides fire protection through a cooperative arrangement with the neighboring Town of Winchester, the Town's construction of a second fire station falls under § 60.23(1). We reject Cardinal Construction's argument.

¶ 21. There is no indication in the record that the construction of the new fire station is itself a "cooperative arrangement" for a "regional project." While the

§ 60.55(1)(a)2. expressly permits the town board to join with another entity to establish a joint fire department. Section 60.55 does not, however, permit the town board to purchase property or construct buildings without elector authorization and nothing in the legislative history states otherwise.

Town provides fire protection through a cooperative arrangement with the Town of Winchester, each town is responsible for furnishing and maintaining its own current fire station. There is nothing in the authorizing resolution that provides for any involvement by the joint fire board in decisions about additional fire stations. WISCONSIN STAT. § 60.23(1) applies to joint undertakings involving a regional project. Here, the town board authorized and entered into the contract with Cardinal Construction alone. Section 60.23(1) does not apply.

*b. WISCONSIN STAT. § 60.23(28) Does Not Apply Here.*

¶ 22.   Cardinal Construction next argues that WIS. STAT. § 60.23(28), which governs safety buildings, grants the town board authority to purchase land and construct a fire station. Section 60.23(28) provides in its entirety that the town board may:

> Construct, acquire, equip, furnish, operate and maintain a safety building. The provisions of [WIS. STAT. §] 66.0925, as they apply to cities, shall apply to towns, and the powers and duties conferred and imposed by [§] 66.0925 upon mayors, common councils and specified city officials are hereby conferred upon town board chairpersons, town boards and town officials performing duties similar to the duties of such specified city officials and common councils respectively, except those provisions or powers that conflict with statutes relating to towns and town boards.

Cardinal Construction argues that the first sentence of § 60.23(28) provides the town board with the power to construct a safety building and should be read separately from the second sentence which confers the powers set forth in the municipal safety building statute, § 66.0925, to town chairpersons, town boards and town officials. We reject this construction of § 60.23(28) as unreasonable.

¶ 23. While WIS. STAT. § 60.23(28) permits a town board to construct or acquire a safety building, when read in its entirety, its application is reasonably limited to the construction of joint county-city safety buildings. The statute extends the provisions of WIS. STAT. § 66.0925, as they apply to cities, to towns, and § 66.0925 addresses "county-city" safety buildings, or joint safety buildings. Here, Cardinal Construction acknowledges that the town board is not constructing a joint safety building under § 66.0925. Even if it were, any power to construct buildings pursuant to § 60.23(28) is expressly inapplicable if it "conflict[s] with statutes relating to towns and town boards," including the elector authorization provisions of WIS. STAT. § 60.10(2).

¶ 24. In sum, WIS. STAT. § 60.23(1) does not apply here. Section 60.23(28) is also inapplicable. There is no indication in the record that the proposed fire station is a cooperative regional project, and Cardinal acknowledges that it is not a joint safety building. In any event, even if § 60.23(28) did apply, to the extent it provided for town board approval, it would be inapplicable as it would conflict with the statute delegating authorization for the purchase of land and construction of buildings to town electors. Thus, we reject Cardinal Construction's contention that these statutes otherwise confer authority on the town board or provide an exception to elector authorization under WIS. STAT. § 60.10(2).

*3. The Town Board Was Not Entitled to Exercise Village Power.*

¶ 25. Finally, Cardinal Construction contends that the town board had authority to purchase real estate and construct a fire station in the exercise of its village board powers. Since 1972, the town meeting has given general and ongoing authorization to the town

441

board, pursuant to Wis. Stat. § 60.10(2)(c),[7] to exercise village powers. Because a village board is permitted under Wis. Stat. § 61.34(3) to "acquire property" and "construct, own, lease and maintain buildings on such property," Cardinal Construction argues that the town board properly exercised its powers as a village board in purchasing land and contracting for construction. We reject Cardinal Construction's argument.

¶ 26. A town board exercising village powers is not entitled to purchase land and contract for construction when doing so would conflict with statutes relating to towns and town boards. *See* Wis. Stat. § 60.22(3). Section 60.22(3) governs the general powers and duties of a town board. With respect to the exercise of village powers, it provides: "If authorized under [Wis. Stat. §] 60.10(2)(c), [a town board] may exercise powers relating to villages and conferred on village boards under ch. 61, *except those powers which conflict with statutes relating to towns or town boards.*" Sec. 60.22(3) (emphasis added); *see also Gertz v. Town of Vaughn*, 163 Wis. 557, 566, 158 N.W. 298 (1916) ("The question is, Do the powers if exercised conflict? If they do, then the power is not conferred [to the town board], either in whole or in part.")

¶ 27. Here, the village board power to acquire land and construct buildings under Wis. Stat. § 61.34(3) is in direct conflict with Wis. Stat. § 60.10(2)(e) and (f) which relates to towns and town boards and which

---

[7] Wisconsin Stat. § 60.10(2)(c) provides that, "[b]y resolution, the town meeting may: (c) . . . [a]uthorize the town board to exercise powers of a village board under [Wis. Stat. §] 60.22(3). A resolution adopted under this paragraph is general and continuing."

confers that power of authorization on the town meeting.[8] Pursuant to WIS. STAT. § 60.22(3), the town board could not exercise the village powers and thus acted without the requisite authority when it contracted for the construction of a new fire house.

---

[8] We reject Cardinal Construction's reliance on *Town of Beloit v. County of Rock*, 2003 WI 8, 259 Wis. 2d 37, 657 N.W.2d 344. In *Town of Beloit*, the central issue on appeal was whether the town violated the public purpose doctrine when it expended public funds to develop a subdivision on land owned by the town. *Id.*, ¶ 19. Neither party in *Town of Beloit* disputed that the town had authority to act as a subdivider under the general powers granted to a village and adopted at an earlier date by the town. *Id.*, ¶¶ 22–23. Nevertheless, in order to provide a complete understanding of the public purpose doctrine, the supreme court provided "a brief analysis of the town's statutory authority." *Id.*, ¶ 22. In doing so, the supreme court upheld the court of appeals' holding that there was no legal prohibition which prevented the town from subdividing property which it owned by exercising village powers under WIS. STAT. § 61.34. *Town of Beloit*, 259 Wis. 2d 37, ¶ 23. The supreme court observed, "[I]t does not appear that the village powers conflict with statutes relating to towns and town boards." *Id.*

Based on this observation, Cardinal Construction contends that if the Town of Beloit's sale of land did not conflict with town statutes, then the acquisition of land and construction of buildings must not conflict either. This view, which ignores the particular facts and subsections at issue in each case, is too simplistic. As noted above, the parties in *Town of Beloit* did not dispute the town's authority to exercise the power granted to a village board to act as a subdivider. *Id.*, ¶ 22. Further, the facts set forth in *Town of Beloit* do not suggest that the town board had acted without the authority of the town meeting at the outset in contemplating the sale of the land or the disposal of town property. *Id.*, ¶¶ 8–18; WIS. STAT. § 60.10(2)(g) (the town meeting may authorize the town board to dispose of town real property).

## CONCLUSION

¶ 28.   We conclude that the town board exceeded its authority in purchasing land and contracting for the construction of a new fire station without prior elector authorization under WIS. STAT. § 60.10(2)(e) and (f). Neither WIS. STAT. § 60.55 nor WIS. STAT. § 60.23 provide an exception to the power conferred on the town meeting to authorize the construction of town buildings, nor was the town board permitted to exercise village powers which are in direct conflict with the statutes governing towns and town boards. The Town's contract with Cardinal Construction is ultra vires and void. We therefore affirm the trial court's grant of summary judgment in favor of the Town of Clayton.

*By the Court.*—Judgment affirmed.