Patricia K. ANDREWS, Plaintiff-Appellant,†

v.

WISCONSIN PUBLIC SERVICE CORPORATION,
Defendant-Respondent.

Court of Appeals

*No. 2007AP2541. Submitted on briefs November 4, 2008.
—Decided December 2, 2008.*

2009 WI App 6

(Also reported in 762 N.W.2d 837.)

† Petition to review denied 7/1/09.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Forrest O. Maki* and *Karry A. Johnson* of *Maki, Ledin, Bick & Olson, S.C.*, Superior.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Trevor J. Will* and *Leon W. Todd III* of *Foley & Lardner LLP*, Milwaukee.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Patricia Andrews appeals a summary judgment dismissing her claim challenging Wisconsin Public Service Corporation's (WPSC) condemnation of her property. Andrews argues WPSC, by either waiver or estoppel, lost the right to condemn her property. We disagree and affirm.

## Background

¶ 2. WPSC received authority from the Wisconsin Public Service Commission in October 2001 to construct a high voltage transmission line from Weston, Wisconsin to Arrowhead, Minnesota. Shortly thereafter, WPSC notified property owners affected by the project that it would negotiate with them to acquire easements necessary to construct the line. The Arrowhead-Weston line would be routed as much as possible along existing transmission line, railroad, gas pipeline, or highway corridors. One of these corridors ran through Andrews' property, for which there was a high voltage transmission line easement dating from 1972.

¶ 3. WPSC notified Andrews that it wanted access to the existing easement on her property to conduct surveying and other preliminary work for the new line. Andrews objected, arguing the easement did not permit WPSC to enter her property for work associated with the new line. WPSC then initiated a declaratory judgment action to determine what its rights were vis-à-vis the 1972 easement. The court declared the easement did not allow construction of the new line and that WPSC would

need to acquire a new easement for the Arrowhead-Weston line. WPSC then commenced a condemnation proceeding for a new easement.

¶ 4. Andrews, in turn, commenced this separate action. She claimed WPSC lost its right to condemn her property based on either waiver or estoppel because the declaratory judgment action was contrary to WPSC's statements that it would (1) acquire new easements, (2) negotiate in good faith, and (3) pay fair value for the easements. The circuit court disagreed and granted summary judgment in favor of WPSC.

## Discussion

■■

¶ 5. We review decisions granting summary judgment independently using the same methodology applied by the circuit court. *Schmidt v. Northern States Power Co.*, 2007 WI 136, ¶ 24, 305 Wis. 2d 538, 742 N.W.2d 294. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2005–06).

¶ 6. The only issue on appeal is whether a party with the right of condemnation can lose that right by waiver or estoppel.[1] We conclude it cannot.

¶ 7. Wisconsin courts have long recognized that the right to eminent domain cannot be abrogated by

---

[1] Andrews does not argue WPSC failed to follow the condemnation procedure required by WIS. STAT. ch. 32 (2005–06). We therefore need not address whether WPSC's conduct conformed to the statutory requirements. Andrews does argue she was entitled to a jury trial on her WIS. STAT. § 32.06(5) (2005–06), action. We do not reach this argument, however, because the circuit court properly concluded WPSC was entitled to judgment as a matter of law.

contract. *City of Milwaukee v. Schomberg*, 261 Wis. 166, 52 N.W.2d 151 (1952). In *Schomberg*, the City of Milwaukee acquired an easement from the Schombergs to construct and maintain storm and sanitary sewers. As part of the agreement for the easement, the city promised it would not open a street through the Schombergs' property without their consent. The city later decided to do just that and commenced a condemnation action. The court held the city's right to condemn the Schombergs' property was not affected by the prior easement agreement. The court observed, "The power of eminent domain is inalienable and cannot be surrendered, even by legislation, to say nothing of the power of other governmental agencies to impair it or bargain it away." *Id.* at 169.

¶ 8. The *Schomberg* court recognized that inalienability of the power of eminent domain was a well-settled rule, citing Wisconsin case law as well as a treatise on eminent domain articulating this principle: "By no form of contract or legislative grant can the state surrender its right to take any property within the limits of the state when it may be required for the public use." *Id.* (citing 1 NICHOLS ON EMINENT DOMAIN 75–76, § 22 (2d ed.1917)).

¶ 9. The rule described in *Schomberg* remains the law. We recognized the durability of the decision three decades later in *Negus v. Madison Gas and Electric Company*, 112 Wis. 2d 52, 331 N.W.2d 658 (Ct. App. 1983). In *Negus*, we re-affirmed that a party with the right to condemn cannot lose that power through contract. We held that enforcing an agreement that limited MG&E's right to condemn certain property "would, in effect, abrogate MG&E's condemnation power, a result prohibited by *Schomberg*." *Id.* at 64; *see also* 26 AM. JUR. 2d *Eminent Domain* § 4 (2004); 29A C.J.S. *Eminent Domain* § 4 (2007).

### 1. Waiver

██

¶ 10. Andrews concedes WPSC would not have lost the right to condemn her land had it entered into a contract with her promising not to condemn it. She nevertheless argues that WPSC could lose this right through waiver. She contends that WPSC waived the right to pursue condemnation by seeking declaratory judgment instead of initiating condemnation proceedings. This does not follow. Andrews cites no precedent holding that initiating a declaratory judgment action alters a condemning party's ability to exercise its eminent domain powers. Such a conclusion would be at odds with the notion that condemnation rights are inalienable.

¶ 11. Andrews contends, however, that just as certain personal rights, such as the right to a jury trial, are waivable, the right to condemnation can be waived as well. Personal rights may be waivable, but public rights are not. The power of eminent domain effectuates public purposes. *See Wikel v. DOT*, 2001 WI App 214, ¶ 12, 247 Wis. 2d 626, 635 N.W.2d 213. As WPSC correctly points out, a rule that this power could be waived would allow the sovereign's authority to be defeated by private authorities for private gain. This result would contradict the very purpose for which eminent domain exists.

### 2. Estoppel

██ ██

¶ 12. Even if WPSC could not waive the right of condemnation, Andrews argues it should be estopped from condemning her property. She contends it was

inequitable[2] for WPSC to seek a declaration that the 1972 easement permitted construction of the Arrowhead-Weston line instead of first negotiating with her for a new easement, as it initially informed all affected property owners it would.[3] There is no inconsistency in asking a court to determine whether WPSC already possessed the right to build a new line on Andrews' property before negotiating to acquire a new easement. However, even if WPSC's statements were inconsistent, WPSC would still not be barred from exercising its condemnation rights. We conclude that just as condemnation rights cannot be lost by contract or waiver, neither can they be abrogated by estoppel.

¶ 13. Our conclusion is in accord with the analysis of courts in other jurisdictions. *See Colchico v. United States*, 286 F. Supp. 507, 510 (N.D. Cal. 1968) (holding

---

[2] Andrews also claims WPSC acted fraudulently because it erroneously represented itself as the owner of the 1972 easements. We fail to see any fraud. The 1972 easements were owned by American Transmission Company, a co-applicant for the Arrowhead-Weston line and the company for which WPSC was building the line.

[3] Andrews argues WPSC should be judicially estopped from condemning her property, relying on a basis similar to her equitable estoppel argument. Judicial estoppel prevents a party from "playing fast and loose with the courts by asserting inconsistent positions." *Harrison v. LIRC*, 187 Wis. 2d 491, 497, 523 N.W.2d 138 (Ct. App. 1994) (quotation omitted). Because we conclude a party cannot be estopped from exercising condemnation rights, judicial estoppel is inapplicable. Even if we were to consider judicial estoppel as a viable legal claim, Andrews' argument is misplaced. Andrews asserts that WPSC's project manager made a statement to a newspaper after the declaratory judgment that was inconsistent with WPSC's initial legal position. However, judicial estoppel only applies when a party takes inconsistent positions in more than one *legal* proceeding.

that "the right of the United States to acquire the lands cannot be lost by estoppel or laches"); *City of Glendale v. Superior Court*, 23 Cal. Rptr. 2d 305, 314 (Cal. Ct. App. 1993) (applying estoppel to eminent domain would defeat the public interest served through eminent domain); and *Bowling v. State ex rel. Bd. of County Comm'rs*, 428 P.2d 331, 336 (Okla. 1967) (estoppel does not constitute defense to the causes of action set forth in the petition to condemn.).

██

¶ 14. The inalienability of the power of eminent domain compels the conclusion that it cannot be abrogated by waiver or estoppel. The court therefore properly granted summary judgment in favor of WPSC.

*By the Court.*—Judgment affirmed.