Thomas L. Fıᴇʟᴅs and Jo Ann Fields,
Plaintiffs-Respondents,

v.

Aᴍᴇʀɪᴄᴀɴ Tʀᴀɴsᴍɪssɪᴏɴ Cᴏᴍᴘᴀɴʏ, LLC,
Defendant-Appellant.

Court of Appeals

*No. 2009AP1008. Submitted on briefs December 15, 2009.
—Decided March 16, 2010.*

2010 WI App 59

(Also reported in 782 N.W.2d 729.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven M. Streck, Timothy M. Barber* and *Sara K. Beachy*, of *Axley Brynelson, LLP* of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Ryan D. Scherz* and *Daniel D. Hannula* of *Hannula & Halom* of Superior.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. American Transmission Company, LLC (ATC) appeals a judgment, entered after a jury trial, setting the amount of compensation due Thomas and Jo Ann Fields for ATC's condemnation of a new high-voltage transmission line easement across the Fields' property. ATC argues the circuit court erroneously excluded evidence of ATC's existing easement rights over the Fields' property.[1] ATC contends the jury could not accurately assess the "before" and "after" fair market values of the property because the jury was unaware the existing easement already gave ATC the right to expand the circuits, voltage, and height of the transmission line. We agree, and reverse and remand for a new trial.

## BACKGROUND

¶ 2. On the second day of trial, the Fields filed a motion and brief seeking to exclude any evidence suggesting ATC already owned sufficient easement rights to construct a new power line.[2] The Fields relied on *Andrews v. Public Service Corporation*, 2009 WI App 6,

---

[1] ATC also argues the circuit court erroneously exercised its discretion when awarding the Fields their litigation expenses. Because we reverse and remand on other grounds, we need not reach this issue. *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997).

[2] The motion also requested a curative instruction and sanctions, asserting ATC had already introduced improper evidence on cross-examination regarding its existing rights under the easement.

315 Wis. 2d 772, 762 N.W.2d 837 (Ct. App. 2008), and Wis. Stat. § 182.017(7)(a), which requires easement conveyances to specify "the number, type and maximum height of all structures to be erected . . . and the number and maximum voltage of the lines : . . ." The circuit court initially agreed with the Fields that the statute precluded any expanded use of the transmission line easement beyond its existing use, and granted the motion to exclude.

¶ 3. After permitting further argument, however, the court determined the statute did not apply because it was enacted after ATC obtained its easement. Nonetheless, the court concluded, "[Y]ou have determined by what you constructed there originally what was going to be allowed there. Because in effect, if you read between the lines of [*Andrews*]," ATC is restricted to the existing use of the easement because the public service commission must get involved. Thus, the court held: "I think you have to come back, get a new easement, permission from [the public service commission], and negotiate with the landowners the new structures. So the ruling stands."

¶ 4. ATC subsequently made an informal offer of proof representing that, had the court not granted the Fields' motion, ATC would have asked one of its witnesses to identify and discuss exhibit twenty, the 1948 easement; exhibit twenty-one, the new 2007 easement; and exhibit twenty-two, a table comparing what each of the two easements allowed. Following this explanation, the court indicated:

> Okay. I will just amplify my ruling, was that I'm looking at it as the terms of the easement itself which is a contract, is a merger between the written document and what was actually done, because that defines the meeting of the minds of the parties at that time as far

420

as what was going to be on there and what the limitations were, was done by acts rather than by the written document.

¶ 5. ATC addressed the issue of its existing easement rights again in its motion for a new trial. At the hearing on the motion, ATC argued:

When ATC executed the new easement, the only change not permitted under the existing easement was the change from H-frames to mono-poles.

So that's what this case is about, and that's what ATC would have argued to the jury . . . .

ATC wasn't allowed to bring this evidence, and we also were not allowed to put in front of the jury the benefits that were conferred by the new easement, and the jury instead built the basis of [the] award on the old line as built and the new line as built, not the rights taken under the old easement compared with the rights taken under the new easement . . . .

¶ 6. The court rejected ATC's motion for a new trial, stating, "[T]he Court's ruling was not based upon [WIS. STAT. § 182.017(7)(a)]. Rather, it was based on [WIS. STAT. §] 904.03, relevant evidence excluded, because the risk of confusing the issue may mislead the jury." The court then discussed ATC's closing argument, emphasizing counsel's focus on the market's reaction to the new transmission poles on the property versus the old ones. The court held:

Now, if you look back and you can say, well, perhaps we could have pointed out what was not at issue and what was not being paid for and perhaps it might be relevant, but the Court was concerned about actually confusing the issue by showing and highlighting what was not at issue here. So . . . excluding that evidence . . . I think it was harmless, because it was argued.

421

The litigation was about principally the height of the poles, the replacement of the . . . lower H-frames by the higher mono-pole, and that's . . . what . . . ATC argued, and so I don't think any of the Court's ruling[s] prohibited them from making that argument.

## DISCUSSION

¶ 7. On appeal, ATC argues the circuit court's original bases for excluding evidence of the existing easement were rejected in *Wisconsin Public Service Corporation v. Andrews*, 2009 WI App 30, ¶¶ 14–17, 316 Wis. 2d 734, 766 N.W.2d 232. In their response, the Fields explicitly decline to rely on the circuit court's original reasons for exclusion. They instead argue the evidence was irrelevant or was properly excluded pursuant to WIS. STAT. § 904.03 because it would confuse the issues.

■

¶ 8. A circuit court's decision to admit or exclude evidence is reviewed under an erroneous exercise of discretion standard. *Martindale v. Ripp*, 2001 WI 113, ¶ 28, 246 Wis. 2d 67, 629 N.W.2d 698. A court's decision on a motion for a new trial is reviewed under that same standard. *Larry v. Commercial Union Ins. Co.*, 88 Wis. 2d 728, 733, 277 N.W.2d 821 (1979). A new trial is warranted if there is a reasonable possibility the error contributed to the outcome. *Martindale*, 246 Wis. 2d 67, ¶ 32.

¶ 9. The question presented by this appeal is whether pre-existing easement rights may be considered by a jury when determining just compensation in a condemnation action under WIS. STAT. § 32.06(10). In easement condemnation cases, property owners are compensated for the loss in fair market value of their whole property. *See* WIS. STAT. § 32.09(6g). In this case,

the fact finder was not allowed to hear evidence of the extent to which the Fields' property was already encumbered by a pre-existing electric transmission line easement.

¶ 10. The circuit court's exclusion of this evidence under WIS. STAT. § 904.03 was erroneous because evidence of ATC's existing easement rights was highly probative of the difference in fair market value of the Fields' property before and after the new easement was condemned. There was little danger of unnecessarily confusing the issues or misleading the jury because the ultimate issue the jury was required to decide was the difference in value of the property in light of the new easement rights and uses replacing the old.

¶ 11. The court's exclusion of the evidence was prejudicial because the jury was not allowed to consider what additional rights were taken by ATC. ATC was prevented from informing the jury that the primary new right that was taken was merely the right to use a monopole-type structure rather than the existing H-frame structures,[3] and that some of ATC's existing rights were restricted. Thus, ATC was prevented from introducing highly relevant evidence that went to the core issue before the jury. The jury only heard one half of the story. It could compare the before and after uses of the easement rights, but could not consider the impact on value of the existing, unexercised rights.

[3] The new easement also precluded the Fields from building any structures within the easement boundaries. There was no such restriction in the existing easement. The parties did not, however, discuss this restriction.

¶ 12. Thus, the erroneous exclusion of the pre-existing easement evidence was not harmless error. In fact, the circuit court's harmless error conclusion highlights the problem. The court reasoned the jury was focused primarily on the increased height of the new poles, and to a lesser extent, on the increased voltage, when determining the property value lost under the new easement. Those considerations, however, were misleading because the existing easement already allowed ATC to construct taller structures and new circuits with increased voltage.

¶ 13. In summary, the jury should have compared the before value of the property—with the existing transmission line, considering the unexercised, but available, rights of height, circuit, and voltage expansion—to the after value of the property. We need clarify, however, two issues. First, we specify the timing of the "before" and "after" valuation dates. Wisconsin Stat. § 32.09(6g) provides, in relevant part:

> In the case of the taking of an easement, the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement . . . .

Citing WIS. STAT. §§ 32.09(1) and 32.06(7), ATC asserts " 'the date of evaluation' is the date of the filing of the lis pendens—i.e., the date of the taking of the easement." ATC is mistaken. Subsection 32.06(7) provides that the lis pendens filing date is used, except that "if the property is to be used in connection with the construction of a facility, as defined under [WIS. STAT. §] 196.491(1), the 'date of evaluation' is the date that is 2 years prior to the date on which the certificate of public

convenience and necessity is issued for the facility."[4] WISCONSIN STAT. § 196.491(1)(e), in turn, indicates: " 'Facility' means . . . a high-voltage transmission line." *See also* WIS. STAT. § 196.491(1)(f) (defining high-voltage transmission line).

¶ 14.  Second, we briefly clarify what it is the jury is required to value. As set forth above in WIS. STAT. § 32.09(6g), the jury is to find the before and after values of the whole property. The jury must arrive at the values of each, and one is then subtracted from the other. *See* WIS JI—CIVIL 8101 (2009). Contrary to ATC's suggestions, the jury is not to determine the value of those property rights taken by the new easement to arrive at its just compensation award. Rather, a just compensation determination

> is based on the fair market value of the land as a whole, which "is not obtained by adding up a number of separate items, but by taking a comprehensive view of each and all of the elements of property, tangible and intangible, including property rights, and considering them all not as separate things, but as inseparable parts of one harmonious entity . . . ."

*Hoekstra v. Guardian Pipeline, LLC*, 2006 WI App 245, ¶ 43, 298 Wis. 2d 165, 726 N.W.2d 648 (quoting *Milwaukee & Suburban Transp. Corp. v. Milwaukee County*, 82 Wis. 2d 420, 448–49, 263 N.W.2d 503 (1978)).

¶ 15.  On remand, ATC is entitled to a new trial at which it may present evidence of its pre-existing easement rights. The jury shall be charged with valuing the

---

[4] A comment to WIS JI—CIVIL 8101 (2009) states the date of evaluation in WIS. STAT. § 32.06 takings is the date of filing of the lis pendens, without acknowledging the exception noted herein.

whole property before and after the date of evaluation, which shall be two years prior to the date on which the certificate of public convenience and necessity was issued.

*By the Court.*—Judgment reversed and cause remanded.